(No. 21337.— )
EMILY DOUGLASS GILMER *et al.* Plaintiffs in Error, *vs.*
CHARLES B. BOLLES, Defendant in Error.

*Opinion filed December 23, 1932—Rehearing denied Feb. 8, 1933.*

L. EARL BACH, for plaintiffs in error.

ADLAI H. RUST, GEORGE W. JOHNSON, and HOOPES &
PEFFERLE, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Emily Douglass Gilmer and Paul M. Gilmer, plaintiffs
in error, have sued out this writ of error to review certain
proceedings in the probate court of McLean county for
the sale of real estate to pay debts. After the filing of
the transcript of the record in this court, together with the
statement, brief and argument of the plaintiffs in error, the
defendant in error, Charles B. Bolles, filed a motion herein
to dismiss the writ of error for lack of jurisdiction. This
motion was denied. Subsequently the defendant in error
filed a plea of release of errors, to which the plaintiffs in
error demurred generally and specially. The issue thus
made is supported by the respective briefs and arguments
of the parties, and the only question now presented is as
to the validity and legal effect of the instrument relied
upon by the defendant in error as a release of errors.

On February 2, 1931, the probate court of McLean county entered a decree for the sale of certain real estate of Mary L. Douglass, deceased, to pay debts. One week later, on February 9, 1931, the following instrument, pleaded herein as a release of errors, was filed in the probate court:

"Entry of appearance of Miriam D. Moore and Emily Douglass Gilmer and their respective husbands, dated January 3, 1931, filed February 9, 1931.

"And now come Miriam D. Moore and Emily Douglass Gilmer, being the only legatees and devisees of the last will and testament of Mary L. Douglass, deceased, who took any interest under the residuary or fourth item of the last will and testament of Mary L. Douglass, deceased, and also come Sherwood R. Moore, husband of Miriam D. Moore, and Paul M. Gilmer, husband of Emily Douglass Gilmer, and each of them enter their appearance in the matter of the petition of Miriam D. Moore, executrix of the last will and testament of Mary L. Douglass, deceased, to sell real estate, which petition is now pending in the probate court of McLean county, Illinois, and each of them hereby waive further notice of the hearing on said petition, and each of them respectfully request the court to grant the prayer of the petition and enter an order or decree directing the sale of all real estate in McLean county, Illinois, owned by Mary L. Douglass, deceased, at the time of her death, and/or any and all real estate in which she had any interest at the time of her death, and each of them waive and release any and all errors, inaccuracies or insufficiency in the publication notice of the hearing of said petition and any and all defects in said proceeding to sell the real estate described in said petition, and consent that a decree or order may be entered by the probate court of McLean county, Illinois, directing the sale of the said real estate as prayed in said petition.

"Dated January 3, 1931.  Miriam D. Moore,
Sherwood R. Moore,
Emily Douglass Gilmer,
Paul H. Gilmer."

The foregoing instrument is obviously insufficient to serve as a complete release of errors in this proceeding. The record shows that in addition to the entry of the decree of February 2, 1931, the plaintiffs in error have assigned as errors the following: "(2) The trial court erred in entering the order of March 21, 1931, approving the sale

of the Colfax farm; (3) the trial court erred in entering the order of June 20, 1931, commanding the executrix to deliver abstracts of title to the purchaser of the Colfax farm; (4) the trial court erred in rendering the decree of August 7, 1931; (6) the trial court erred in admitting improper evidence introduced on the part of defendant in error, Bolles; (7) the trial court erred in rejecting proper evidence introduced upon the part of the plaintiffs in error; (10) the decree of August 7, 1931, is against the evidence; (11) the decree of August 7, 1931, is contrary to the law; (12) the trial court erred in the decree of August 7, 1931, in finding that the deeds to the Colfax farm were never delivered during the lifetime of the grantor; (13) the trial court erred in its decrees of February 2, 1931, and August 7, 1931, in finding that the real estate owned by Mary L. Douglass at the time of her death included the Colfax farm."

The instrument relied upon as a release of errors was filed February 9, 1931, and therefore could not release any of the errors assigned by plaintiffs in error after the decree of February 2, 1931, particularly the decree of August 7, 1931, which set aside certain deeds as clouds upon the title. A plea to a writ of error which professes to answer all the errors assigned is bad where it only answers a part. *Peabody* v. *Kendall*, 145 Ill. 519.

In deciding the one question before us it is not necessary for us to pass upon the sufficiency of the instrument filed February 9, 1931, to give the trial court jurisdiction. That and related questions are reserved until the cause reaches us for complete review. The plea of release of errors answers only a part of the errors assigned and is therefore insufficient. The general and special demurrers thereto are therefore sustained, and the defendant in error, if he shall be so advised, may join in error by the first day of the next term of court. *Demurrers sustained.*